IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | No. 2:09-cr-20491 |
| SHAWN BANKS, | ) ) ) |  |
| Defendant. | ) ) |  |

**ORDER**

Before the Court is Defendant Shawn Banks's August 20, 2020 pro se supplement to his July 9, 2020 pro se Motion for Compassionate Release. (ECF No. 173.) The Court construes Banks's supplemental filing as a motion for reconsideration (hereafter, the "Motion for Reconsideration") of the Court's August 6, 2020 Order denying Banks's July 9, 2020 motion. (See ECF No. 172.) The government has not responded to the Motion for Reconsideration. For the following reasons, the Motion for Reconsideration is DENIED.

On July 9, 2020, Banks filed his Motion for Compassionate Release. (ECF No. 171.) In that motion, Banks asserted that compassionate release is appropriate in his case because of the COVID-19 crisis, his mother's medical issues, and his

rehabilitation in prison. (See id. at 1-7.) On August 6, 2020, the Court denied Banks's Motion for Compassionate Release. (ECF No. 172.) The Court found that Banks had not demonstrated extraordinary and compelling reasons for release. (Id. at 8-9.)

Banks filed the Motion for Reconsideration on August 20, 2020. (ECF No. 173.) He asserts that his facility, FCI Memphis, has been "incompeten[t]" and "negligen[t]" in protecting the prison population from COVID-19. (Id. at 1-4.) He asserts that staff at FCI Memphis have refused to wear masks, issue protective equipment to prisoners, or clean or sanitize the facility. (Id.) He asserts that FCI Memphis "refuses to do widespread testing" for COVID-19. (Id. at 3.) He asserts that FCI Memphis's facilities are outdated and ill-equipped to protect prisoners from the possibility of a COVID-19 outbreak. (Id.)

Banks's arguments in the Motion for Reconsideration do not change the Court's earlier conclusion that Banks has not presented extraordinary and compelling reasons for release. Banks's representations about FCI Memphis's handling of the COVID-19 crisis are unverified. Available information about the conditions at FCI Memphis undercuts Banks's assertions. As of August 30, 2020, the Bureau of Prisons ("BOP") reported that three inmates and four staff at FCI Memphis had active cases of COVID-19, and that nine inmates and 12 staff had recovered. See Bureau of Prisons, COVID-19 Cases, www.bop.gov/coronavirus. As

of the same date, the BOP reported that FCI Memphis had administered 188 COVID-19 tests to its prison population of 1,106.  See Bureau of Prisons, COVID-19 Inmate Test Information, www.bop.gov/coronavirus; Bureau of Prisons, FCI Memphis, www.bop.gov/locations/institutions/mem.

The BOP has taken substantial precautions throughout the federal prison system to mitigate the spread of COVID-19.  See Wilson v. Williams, 961 F.3d 829, 841 (6th Cir. 2020) (noting that the BOP has implemented a phased action plan to reduce the risk of COVID-19 transmission that includes preventative measures such as screening for symptoms, quarantining new inmates, providing masks and cleaning supplies, and conducting testing).  Banks does not present extraordinary and compelling reasons for release.  The Motion for Reconsideration is DENIED.

So ordered this 31st day of August, 2020.

                                       /s/ *Samuel H. Mays, Jr.*
                                      SAMUEL H. MAYS, JR.
                                      UNITED STATES DISTRICT JUDGE